928 F.2d 467
 289 U.S.App.D.C. 55
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Robert B. SMITH, Appellant.
 No. 90-3006.
 United States Court of Appeals, District of Columbia Circuit.
 March 19, 1991.
 
 Appeal from the United States District Court for the District of Columbia, Crim. No. 89-00169-01; Penn, J.
 D.D.C.
 AFFIRMED.
 Before SILBERMAN, BUCKLEY and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is, therefore,
 
 
 2
 ORDERED by the court that the district court's order filed August 4, 1989, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant appeals an order denying his motion to suppress evidence that, he contends, was discovered as a result of an illegal search. We affirm.
 
 
 5
 On April 24, 1989, appellant stopped at a police roadblock. He was driving a Toyota Supra hatchback; Reginald Brown was in the front passenger seat. According to testimony credited by the judge, Officer Bela Bano of the District of Columbia Metropolitan Police Department asked to see appellant's license and registration, and then asked appellant about a thick stack of money in his front pocket. Appellant replied that the money belonged to his father. The officer saw that Brown, the passenger, was holding an open beer bottle. Officer Bano placed him under arrest for possessing an open container of an alcoholic beverage in public, in violation of D.C.Code Ann. 25-128 (Supp.1990). Incident to the arrest, the officers searched the car. They discovered two bags containing cocaine and money atop the hatchback cover, which was within the reach of passengers in the car. Appellant was subsequently indicted for possession with intent to distribute 500 grams or more of a cocaine mixture in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(ii)(II) (1988).
 
 
 6
 The Supreme Court has ruled that upon arresting the occupant of an automobile, the police may search the passenger compartment and any containers found within the compartment. New York v. Belton, 453 U.S. 454, 460-61 (1981). We have held that officers may search a hatchback compartment if it is "reachable without exiting the vehicle." United States v. Russell, 670 F.2d 323, 327 (D.C.Cir.), cert. denied, 457 U.S. 1108 (1982). The search may proceed even though the person arrested has been removed from the vehicle. See Belton, 453 U.S. at 456; Russell, 670 F.2d at 324.
 
 
 7
 Appellant suggested, on appeal, that Brown's arrest for what he deemed a minor infraction was pretextual: Having come across a sports car driven by two black men, one of whom was carrying a large sum of money, the officers were eager to search it; the open beer bottle gave them an excuse for doing so. At oral argument, however, appellant's counsel conceded that the pretext argument had not been raised before the trial court. Accordingly, we do not consider it here. We note, moreover, that the roadblock was intended in part to apprehend drunk drivers; in this setting, the arrest of a passenger holding an open beer bottle is not as outlandish as appellant suggests.
 
 
 8
 At the suppression hearing, the district court correctly found that the police had probable cause to arrest Brown and that the search of the bags found on the hatchback cover was lawful. Accordingly, we affirm the court's order denying appellant's motion to suppress.